In the Matter of the Arbitration between AMTORG TRADING CORPORATION, Petitioner, and CAMDEN FIBER MILLS, INC., Respondent.

Supreme Court, Special Term, New York County, January 24, 1950.

*Charles Recht* for petitioner.

*Alexis C. Coudert* and *A. Michael Frothingham* for respondent.

McNally, J. Motions 147 and 148 are consolidated. The parties herein made an agreement dated September 17, 1947. Camden has commenced an action against Amtorg to recover damages for breach of said contract. Amtorg seeks a stay of the action and specific performance of the provision for arbitration in said contract contained and Camden counters with an application to stay the arbitration proceeding. The provision for arbitration is: " Any dispute arising out of this agreement or in connection with it is to be settled between the Buyer's and Seller's representatives in New York. Failing agreement, the matter is to be referred to the U. S. S. R. Chamber of Commerce Foreign Trade Arbitration Commission in Moscow, U. S. S. R. The decision of the said Commission is to be final and binding upon both parties."

Camden alleges and Amtorg does not deny that " Amtorg Trading Corporation was organized as a New York corporation in 1924, at a time when the Soviet Government was not recognized by the United States and consequently Soviet Trade Delegations, established in most countries to conduct Soviet foreign commerce, could not operate in this country. All or substantially all of the stock of Amtorg Trading Corporation is beneficially owned by the Soviet Government, and the primary function of Amtorg is to act as the instrumentality of the Soviet Government in the carrying on of its trade and commerce with the United States."

The U. S. S. R. Chamber of Commerce Foreign Trade Arbitration Commission was established by decree of the Central Execu-

tive Committee and the Council of People's Commissars of the Union of Soviet Socialist Republics. The members of the arbitration commission are the appointees of the Presidium of the U. S. S. R. Chamber of Commerce, which also approves the rules of procedure of the arbitration commission. The All-Union Chamber of Commerce was established by statute approved by the People's Commissars of the U. S. S. R. The statute denominates the Chamber of Commerce as a "public organization." It appears to this court that the arbitration commission is an administrative agency of the Soviet Government.

"The arbitrator is a judge appointed by the parties   *   *   * invested with judicial functions in the particular case   *   *   *." (*Fudickar* v. *Guardian Mut. Life Ins. Co.*, 62 N. Y. 392, 399.) An award in arbitration is final and conclusive in respect of many issues which in a court of law are subject to review. It is, therefore, imperative that every safeguard be utilized to insure fairness and impartiality in fact and, in addition, it is equally imperative that the arbitrator's impartiality be above suspicion (*Matter of Friedman*, 215 App. Div. 130, 136). Towards that end the standard by which the fairness and impartiality of the arbitrator is to be measured is no less than that applied to a judge.

There are certain external factors which serve to disqualify a judge or arbitrator regardless of his admitted integrity. In *Oakley* v. *Aspinwall* (3 N. Y. 547) a judge of the Court of Appeals was adjudged conclusively disqualified because he was related to a party although his decision was against the party to whom he was related. The disqualification there was adjudicated at the instance of the party related to the judge although counsel for that party had persuaded the judge to sit against his better judgment. In *Matter of Friedman* (215 App. Div. 130, *supra*) the arbitrator was held to be disqualified by the acceptance of a loan from one of the parties to the proceeding. There, the court held the absence of an ulterior motive to be immaterial.

We find, therefore, that relationship by blood or marriage within certain degrees between the judge or arbitrator and a party, *ipso facto*, disqualifies the judge or arbitrator, and in other cases certain transactions between the judge or arbitrator and a party likewise serve to disqualify. We believe both categories of cases have in common recognition of the principle that the judge or arbitrator, as the case may be, may not in fact, or appear to, be aligned with or an advocate for a party appearing

before him (*Matter of Amer. Eagle Fire Ins. Co.*, 240 N. Y. 398, 405).

In the case at bar, Amtorg is an instrumentality of the Union of Soviet Socialist Republics and the arbitrator designated, the U. S. S. R. Chamber of Commerce Foreign Trade Arbitration Commission, also is an instrumentality and agency of the Soviet Government. It is asserted that Amtorg and the arbitration commission are separate entities. That, however, is not a complete answer to the problem posed. Contrariwise, it gives rise to the problem, for it is axiomatic that an arbitrator and a party may not be fused into one. Stated differently, there can be no arbitrator in the person of a party. When, therefore, arbitrator and party are separate entities, the inquiry is as to the intangible ties between them which, although they do not unite them corporeally, preclude an impartial adjudication or might justify an inference of partiality.

Amtorg and the arbitration commission are the instrumentalities and agents of a common principal, the U. S. S. R. The inescapable conclusion is that neither may act as arbitrator in respect of matters concerning the U. S. S. R. The controversy here relates to trade and commerce between Camden and the U. S. S. R., through its agent, Amtorg. The arbitration commission, created by and an instrumentality and agent of the U. S. S. R., is, therefore, disqualified to act as arbitrator in respect of said controversy. We do not find it necessary to dwell upon the competence or integrity of the arbitration commission. If the arbitrator is disqualified, his nomination is void and the result is the same although the parties had knowledge of the facts rendering the nomination void at the time it was made. The effect is not lessened by the claimed integrity of the arbitrator (*Oakley* v. *Aspinwall, supra; Matter of Friedman, supra*).

The court finds the dominant purpose of the parties to be to arbitrate their differences and that the designation of the arbitrator named in the contract was an attempt to effectuate that purpose. Amtorg demands specific performance of the undertaking to arbitrate, emphatically denies Camden's assertions of partiality, prejudice and bias on the part of the arbitrator named and affirmatively alleges the arbitration commission to be competent and impartial. Camden counters with charges and claims which, if credited, inevitably will invalidate any award made by the arbitrator nominated by the parties but, nevertheless, affirms the desire to arbitrate before an arbitrator nominated by the court. The court, therefore, concludes that the parties are entitled to specific performance of their engagement

to arbitrate and that the obligation to arbitrate survives the disqualification of the arbitrator named by the parties (*Matter of Marchant* v. *Mead-Morrison Mfg. Co.*, 252 N. Y. 284). Arbitration is accordingly directed. The U. S. S. R. Chamber of Commerce Foreign Trade Arbitration Commission is adjudged disqualified. The court will nominate an arbitrator if the parties fail to agree on one within ten days from the date hereof. Camden's action is stayed pending the arbitration proceeding. Settle order.