OPINION OF THE COURT
Louis D. Laurino, S.
In a proceeding for the final judicial settlement of the executor’s account, objectant-claimant moves to have the Surrogate disqualify himself pursuant to section 14 of the Judiciary Law.
In its pertinent parts the statute in question provides that, “A judge shall not sit as such in, or take any part in the decision of, an action, claim, matter, motion or proceeding to which he is a party, or in which he has been attorney or counsel, or in which he is interested” (Judiciary Law, § 14). While it is not germane to the present motion the statute further provides for disqualification of a Judge because of his relationship by consanguinity or affinity to any party in a pending controversy. No such familial relationship exists in present case nor is any alleged. Nor does the movant contend, I am now or was in the past a party in this proceeding or attorney or counsel for a party.
The sole basis for the present application by the movant (who was the former attorney for the coexecutors of this *709 estate and is now a claimant for legal fees in their accounting) is that I have a personal interest in the pending accounting and thus should disqualify myself.
The asserted “interest” stems from an action commenced by the movant in Eastern District Federal Court pursuant to section 1983 of title 28 of the United States Code alleging that various defendants including Judges who presided over proceedings brought by the executors of this estate participated in a “conspiracy” to violate movant’s civil rights because they either rejected, wrongfully decided or otherwise conspired to wrongfully decide certain applications brought by the movant as attorney for the executors. As the movant succinctly states, he, as an attorney, was deprived of his constitutional “right * * * to win the case”.
The movant’s legal efforts which preceded and prompted the Federal suit are more than adequately set forth in two Appellate Division decisions (Matter of Sherburne, 95 AD2d 859; McGinty v Laurino, 95 AD2d 847), and will not be repeated here. Suffice it to say that based on his alleged injury afore-mentioned, movant commenced this Federal suit and named me as a party defendant therein together with “The Surrogate’s Court of Queens County; The Supreme Court of the State of New York, County of Queens; The Appellate Division of the Second Department of the Supreme Court of the State of New York”.
On the motion by the defendants the Federal suit was dismissed for failure to state a cause of action by memoranda and order dated February 1, 1984 (see Cataldo v Laurino, USDC/ED CU-83-3984, Sifton, J.). A motion to reargue this decision was denied as “frivolous” (see Cataldo v Laurino, Feb. 28, 1984, supra). Movant has filed a notice of appeal from these decisions and orders.
The disqualification statute (Judiciary Law, § 14), outlined above, is an adaptation of the common-law rule forbidding a Judge to sit in or take part in a cause or matter in which he is interested (Chemical Bank & Trust Co. v Williams, 261 App Div 581, affd sub nom. Chemical Bank & Trust Co. v Lawson, 287 NY 696). The rule is based on the maxim that no man can be a Judge in his own cause (People ex rel. Union Bay & Paper Corp. v Gilbert, 143 Misc *710 287, affd 236 App Div 873) and on the rule that a Judge not be, or appear to be, aligned with a party appearing before him (Matter of Amtorg Trading Corp [Camden Fiber Mills], 197 Misc 398).
Specifically with respect to movant’s contention, the nature of the interest required to disqualify a Judge is an interest as a party or in a pecuniary or property right from which he might profit or lose (Matter of Capuano, 68 Misc 2d 481). It must be an interest in the subject matter of the suit (Wilcox v Supreme Council of Royal Arcanum, 210 NY 370). The interest need not be large, but it must be real; it must be certain, and not merely possible or contingent; it must be one which is visible, demonstrable, and capable of precise proof. (Matter of Hancock, 91 NY 284; Matter of Ryers, 72 NY 1; People v Whitridge, 144 App Div 493.) It must be a present interest and not merely one that formerly existed (Matter of Bingham, 127 NY 296).
When measured against these rules the movant’s contention that I, either personally or as Surrogate, have an interest in the pending accounting proceeding, must fall. The fact that an attorney feels aggrieved by judicial ruling and seeks redress either by appeal or by the extreme measures attempted by movant is insufficient to spell out a present, personal and identifiable interest which would warrant disqualification of the Judge from further presiding, nor for that matter is prior knowledge of the issues or parties acquired as a Judge, or even prior rulings on the issues in dispute grounds for disqualification (Matter of Diana A., 65 Misc 2d 1034). This is especially so in the Surrogate’s Court, which has been legislatively structured so that one Judge presides over all the proceedings in an estate of a decedent from the appointment of a fiduciary to final distribution of net proceeds and this structuring is considered one of this court’s greatest assets (see Report on Court Merger and Judicial Selection, NY State Bar Assn, Trusts and Estates Section, Action Unit No. 4, 1979). To grant the application and disqualify myself would admittedly be the easier route but it would set a precedent that could lead any party in any proceeding before any judicial tribunal in the State of New York to pick and choose a Judge by simply suing a Judge he would not be pleased with.
*711 Accordingly, the motion is denied. This denial is made with full awareness that the movant has boldly alleged that if his motion is not granted he intends to further prolong the final resolution of this simple estate which has already consumed three years, to wit: “Disqualification, if not made, will be a reversible error. A decision against deponent on the motions will be against the controlling law. Appeals will follow. The Appellate Division does not move very fast. The decisions will be overturned if the Constitution is applied. If it is not upheld, like the last appeal, the errors of the Appellate Division transgress a Statute and the Constitution. If that occurs, deponent will have another suit for the violation of his Civil Rights for the loss of due process. This time the decision will be against deponent, not the mc ginty’s * * * also, further damages and an award of attorney’s fees will be in a six figure category * * * They [decedent’s legatees and fiduciaries] had better pull themselves together and stop dreaming of the advantage they believe they have with the present Surrogate”.
In good conscience, I cannot and will not yield to such comminations and disqualify myself. The motion is denied.