■ The People of the State of New York, Respondent, v Begi Ahmetovic, Appellant.—Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered December 29, 1986, convicting defendant upon a plea of guilty of manslaughter in the first degree and criminal use of a firearm in the first degree, and which sentenced her to concurrent terms of 4 to 12 years, and an order of said court entered on or about January 11, 1989, denying the motion pursuant to CPL 440.20 to vacate said sentence, are unanimously affirmed.

Defendant pleaded guilty to the killing of her husband. Defendant, an immigrant from Yugoslavia, contends that she was deprived of her right to effective assistance of counsel at sentencing because her attorney failed to request a judicial recommendation against deportation (JRAD) pursuant to 8 USC § 1251 (b). A JRAD may be issued at the time of sentencing or 30 days thereafter when the court sentencing the defendant may recommend to the Attorney-General that the alien not be deported under the provision of 8 USC § 1251 (a) (4). (8 USC § 1251 [b].) 8 USC § 1251 (a) (4) is not applicable to defendant since her entry into this country occurred more than five years ago. Therefore, even if a JRAD was issued for defendant, it would not affect her under 8 USC § 1251 (a) (4).

Defendant was provided with "meaningful" representation *(People v Baldi,* 54 NY2d 137, 147 [1981]). To establish that a convicted defendant did not receive effective assistance of counsel, it must be established "that counsel's representation fell below an objective standard of reasonableness." *(Strickland v Washington,* 466 US 668, 688 [1984].) In addition, "the

defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" *(Hill v Lockhart,* 474 US 52, 59 [1985]). Appellant has not submitted any proof that she would have gone to trial if she would have been informed of immigration consequences. In fact, on the day of sentencing, the People represented that they would request that defendant be deported at the time of her parole and she stood silent. Nor was defendant prejudiced by the failure of her counsel to request a JRAD at sentencing. The sentencing court heard the motion to vacate the judgment due to ineffective assistance of counsel. The court denied the motion and went on to state that even if it would have granted the motion, it would not issue a JRAD which is within the discretion of the sentencing Judge (8 USC § 1251 [b]). Concur—Murphy, P. J., Sullivan, Carro and Rosenberger, JJ.