■ In the Matter of PAUL J. CAMBRIA, JR., et al., Petitioners, v LEE T. ADAMS, as County Court Judge of Chautauqua County, et al., Respondents.—Petition unanimously dismissed without costs. Memorandum: Petitioners seek a writ of prohibition disqualifying respondent Judge Adams from presiding over a criminal proceeding against petitioners Anthony and Joseph Liuzzo and others. They contend that he acted improperly in his supervision of the Grand Jury proceedings and that, when they subsequently bring a motion to dismiss the indictment based on defective proceedings, Judge Adams will be a witness and attempt to demonstrate that his conduct was proper. Petitioners assert that this renders Judge Adams "interested" within the meaning of Judiciary Law § 14.

The extraordinary remedy of prohibition is not available as a remedy to correct errors of law in litigation and lies only where there is a clear legal right and the court acts without jurisdiction or in excess of its jurisdiction *(see, Matter of Rush v Mordue,* 68 NY2d 348, 352; *Matter of Nicholson v State Commn. on Judicial Conduct,* 50 NY2d 597). Petitioners' contention that the Grand Jury proceedings were defective, an issue that can be raised on direct appeal from the judgment, does not constitute a claim that the court acted without or in excess of jurisdiction. There is no merit to petitioners' contention that Judge Adams is "interested" within the meaning of Judiciary Law § 14 *(see, Matter of Sherburne,* 124 Misc 2d 708, 710; *People v Capuano,* 68 Misc 2d 481).

Petitioners also seek a writ of prohibition reinstating petitioner Cambria as counsel for petitioners Anthony and Joseph Liuzzo. A writ of prohibition does not lie to review an attorney's disqualification (see, Matter of Kavanagh v Vogt, 58 NY2d 678) and the petition must be dismissed in this respect. Although a civil appeal would lie (see, Matter of Abrams [Anonymous], 62 NY2d 183, 194), none is before us. (Original art 78.) Present—Denman, J. P., Pine, Balio, Lawton and Lowery, JJ.