■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATE ROSE, Appellant.—Judgment of Supreme Court, New York County (Juanita Bing Newton, J.), rendered on June 28, 1988, convicting defendant, upon his plea of guilty, of attempted rape in the first degree (Penal Law §§ 110.00, 130.35) and sentencing him as a persistent violent felony offender to an indeterminate term of imprisonment of from eight years to life, unanimously affirmed.

Defendant was arrested on May 1, 1987 for the rape, robbery and attempted sodomy of an emotionally disturbed woman on the roof of an apartment building. Defendant submitted a notice to the District Attorney of his intent to testify before the Grand Jury. On September 15, 1987, the day the case was to be presented to the Grand Jury, a verbal confrontation occurred between the Assistant District Attorney and defense counsel, while defendant was not present, resulting in defense counsel being escorted out of the area of the District Attorney's office where the victim was waiting. Later that day, the prosecutor was notified that defendant no longer wanted to testify.

On October 2, 1987, the People filed the indictment. At 12:12 P.M., the defendant served written notice upon the District Attorney's office of his intention to testify. At 12:45 the defendant was arraigned on the indictment. Defendant made no mention of the filed notice.

On October 9, 1987, defendant moved to dismiss the indictment on the ground that he had been denied his right to testify. Specifically, he claimed that he was intimidated by the prosecutor's actions on September 15, 1987 and that he served a timely second notice on October 2, 1987. The motion court denied the application.

Defendant waived his right to appellate review of his claim by pleading guilty. (People v Ferrara, 99 AD2d 257.) The entry of a guilty plea by a defendant removes the issue of factual guilt from a case. (People v Taylor, 65 NY2d 1, 5.) "Since a guilty plea is itself a conviction which waives objections going to the factual findings of guilt (People v Thomas, 74 AD2d 317, 320 [affd 53 NY2d 338]), it would be incongruous for an appellate court to sustain a defendant's right to testify before the Grand Jury and to dismiss the indictment after defendant has admitted guilt in his plea." (People v Ferrara, supra, at 259.)

Nor was defendant denied effective assistance of counsel

when his motion to dismiss the indictment was filed two days late. The record does not reveal that defense counsel failed to provide meaningful representation. *(People v Baldi,* 54 NY2d 137.) Defendant has not shown that but for defense counsel's inaction the outcome of the proceeding would have been different. *(People v Mackey,* 155 AD2d 297; *People v De La Hoz,* 131 AD2d 154.) Although the court held the motion to dismiss was untimely, she nevertheless addressed the issues and found them to be without merit. Accordingly, defendant was not prejudiced by defense counsel's representation. Concur—Kupferman, J. P., Sullivan, Carro and Milonas, JJ.