■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT TAYLOR, Appellant.—Judgment of the Supreme Court, New York County (Harold Rothwax, J., at suppression hear-

ing, trial, and sentence), rendered on October 7, 1987, convicting defendant of criminal sale of a controlled substance in the third degree and sentencing defendant to an indeterminate term of 4½ to 9 years' imprisonment, is unanimously affirmed.

Defendant made no attempt to secure his right to testify before the Grand Jury by forwarding the written notice required pursuant to CPL 190.50 (5) (a). Given the significant lapse of time between the oral request of defendant's counsel and the filing of the indictment, there is no reason, upon this record, to excuse compliance with the statutory mandate. This is not a case where the prosecutor acted precipitously, or where the oral request was followed by mailing of the requisite written notice within a reasonable time *(compare, People v Gini,* 72 AD2d 752; *People v Spence,* 139 Misc 2d 77). Moreover, by failing to move to dismiss the indictment within the five-day period set forth in CPL 190.50 (5) (c), defendant waived any objection to the purported denial of his right to testify before the Grand Jury. *(See, People v MacCall,* 122 AD2d 79, *lv denied* 68 NY2d 814.)

Notwithstanding counsel's failure to preserve defendant's right to testify before the Grand Jury, the record, when viewed in its totality, reflects that defendant received meaningful representation. *(See, People v Rose,* 162 AD2d 240.) Defendant had an opportunity to present his version of the events to the jury, which did not find that his story raised a reasonable doubt as to defendant's guilt.

Defendant's remaining contentions are without merit. Concur—Kupferman, J. P., Sullivan, Carro and Smith, JJ.