■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Ruben Gines, Also Known as Maximo Diaz, Appellant.— Judgment, Supreme Court, New York County (Alfred Kleiman, J.), rendered August 20, 1987, convicting defendant, on his plea of guilty, of two counts of burglary in the second degree and one count of criminal possession of burglar's tools and sentencing defendant to two concurrent terms of imprisonment of 6 to 12 years and one concurrent term of six months, respectively, unanimously affirmed. Order of the same court entered September 8, 1989, which denied defendant's motion pursuant to CPL 440.10, unanimously affirmed.

Defendant's primary contention on appeal is that he was deprived of effective assistance of counsel due to counsel's failure to timely move to dismiss the indictment on the ground that the People failed to afford defendant a reasonable opportunity to testify before the Grand Jury. (See, CPL 190.50.) Any claim of a deprivation of defendant's right to testify before the Grand Jury was waived by defendant's plea of guilty. (People v Rose, 162 AD2d 240.)

Similarly, the claim of ineffective assistance of counsel is unavailing, since counsel's failure to move within the statutory limits was not prejudicial. We note that the trial court considered, and rejected, the motion to dismiss the indictment on the merits, as well as on procedural grounds. In any event, the outcome of these proceedings was not affected, since the entry of the guilty plea waived consideration of the alleged irregularity in the Grand Jury proceedings.

We have considered defendant's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Ellerin, Ross and Kassal, JJ.