■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD McKAY, Appellant. [626 NYS2d 762] —Order, Supreme Court, New York County (Jerome Hornblass, J.), entered on or about December 22, 1992, which, *inter alia,* denied defendant's motion to renew an order of the same court and Justice, dated November 18, 1988, denying his motion to vacate the judgment of conviction, unanimously affirmed.

In a judgment, entered on February 22, 1988, defendant, following a jury trial, was convicted of second degree robbery and sentenced, as a predicate felon, to 6½ to 13 years. On appeal, this Court, rejecting defendant's claims that he had been denied the effective assistance of counsel and that the People had failed to comply with their *Brady* and *Rosario* obligations, unanimously affirmed (162 AD2d 146, *lv denied* 76 NY2d 895). In the meantime, defendant had moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that he had not received adequate representation at trial and that the prosecution had not made disclosure of police reports, statements, and other material. This motion was denied in a written opinion in which the Trial Judge found defendant's arguments to be meritless. Defendant then unsuccessfully sought leave to appeal to this Court.

In November of 1992, nearly three years later, defendant moved to renew his motion to vacate the judgment of conviction, urging the existence of newly discovered facts. After the motion was summarily denied by the Trial Judge, defendant obtained leave to appeal to this Court. Defendant, who based his latest contention that the People did not make available to him all of the *Rosario* material in their possession on the purported existence of some scratch notes made by the arresting officer of a statement taken from the complainant, concedes in his brief that he learned of the alleged notes during trial. Thus, even assuming that there were such notes, and the record does not support defendant's position in that respect, and that these notes were not part of the police reports, statements, and other material that he has previously urged

that the People neglected to disclose, the fact is that defendant has not set forth any excuse, reasonable or otherwise, for his failure to demonstrate facts that, although existing at the time of the original application, were not then known to the movant *(Matter of Beiny,* 132 AD2d 190, 209-210, *lv dismissed* 71 NY2d 994).

As to defendant's contention that he was deprived of the effective assistance of counsel, this claim has been denied in the direct appeal from the judgment herein. Additionally, it is settled that a party who claims that he has not been adequately represented must establish not only that counsel's assistance was not meaningful but that such lack of competence negatively impacted upon the outcome of the case *(People v Rose,* 162 AD2d 240, 241, *lv denied* 76 NY2d 864). Defendant has failed to make such a showing. Concur—Ross, J. P., Nardelli, Williams, Tom and Mazzarelli, JJ.