■ In the Matter of STEPHEN NEWELL, Petitioner, v THOMAS A. DEMAKOS, Respondent, and RICHARD A. BROWN, Intervenor-Respondent. [648 NYS2d 677] —Proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit enforcement of so much of an order of the Supreme Court, Queens County (Demakos, J.), dated July 9, 1996, as disqualified Edwin Ira Schulman from representing the petitioner. Motion by the District Attorney of Queens County for leave to intervene.

Upon the petition and papers filed in support of the proceeding, and the papers filed in opposition thereto and in support of the motion, it is

Ordered that the motion of the District Attorney is granted; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman, 71 NY2d 564, 569; see, Matter of Rush v Mordue, 68 NY2d 348, 352). Prohibition does not lie to review the disqualification of an attorney (see, Matter of Kavanagh v Vogt, 58 NY2d 678; Matter of Cambria v Adams, 161 AD2d 1180). O'Brien, J. P., Thompson, Joy and Goldstein, JJ., concur.