■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY BYRD, Appellant. [657 NYS2d 896] —Judgment, Supreme Court, New York County (Renee White, J.), rendered December 8, 1993, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent terms of $12^1/_2$ to 25 years, $7^1/_2$ to 15 years, and $7^1/_2$ to 15 years, respectively, and order, same court and Justice, entered on or about February 7, 1995, which denied defendant's motion to vacate the same judgment, unanimously affirmed.

We find that the prosecutor's challenged comments in summation constituted appropriate responses to the defense summation and reasonable comment on the evidence. In the absence of a pattern of inflammatory remarks or egregious conduct by the prosecutor, we cannot conclude that the prosecutor's summation deprived defendant of a fair trial (*People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

The trial court properly denied, without a hearing, defendant's motion to vacate the judgment, since the motion could be determined on the trial record taken together with defendant's submissions on the motion (*People v Satterfield*, 66 NY2d 796, 799). The record, viewed in its entirety, indicates that defendant received effective assistance of counsel (*People v Baldi*, 54 NY2d 137), notwithstanding that defendant's counsel did not preserve defendant's right to testify before the Grand Jury (*People v Taylor*, 165 AD2d 800). Further, the alleged new evidence defendant claims should have been unearthed by trial

counsel would have constituted collateral impeachment information which, in light of the evidence against defendant, would not have affected the jury's verdict (*People v Hobot*, 84 NY2d 1021; *People v Alicea*, 229 AD2d 80).

We have reviewed defendant's additional claims, including those contained in his *pro se* supplemental brief, and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Rubin, Tom and Andrias, JJ.