◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH CLARK, Appellant. [680 NYS2d 258] —Appeal by the defendant from (1) a judgment of the County Court, Orange County (Berry, J.), rendered August 2, 1996, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and sentencing him to an indeterminate term of $3^{1}/_{6}$ to $9^{1}/_{3}$ years incarceration, under Indictment No. 96-00210, and (2) an amended judgment of the same court, also rendered August 2, 1996, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of assault in the second degree, under Indictment No. 94-00723.

Ordered that the judgment is modified, on the law, by reducing the sentence imposed under Indictment No. 96-00210 from an indeterminate term of $3^{1}/_{6}$ to $9^{1}/_{3}$ years imprisonment to $3^{1}/_{9}$ to $9^{1}/_{3}$ years imprisonment; as so modified, the judgment is affirmed; and it is further,

Ordered that the amended judgment is affirmed.

Inasmuch as the defendant did not move to withdraw either his plea or admission, or to vacate either the judgment or amended judgment of conviction, he has not preserved for appellate review his challenge to the sufficiency of the plea allocution or admission (see, *People v Lopez*, 71 NY2d 662, 665; *People v Claudio*, 64 NY2d 858; *People v Griffin*, 186 AD2d 820).

Furthermore, contrary to his contention, the defendant received the effective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, the defendant must overcome the presumption of effectiveness and show that counsel failed to provide meaningful representation (*People v Jackson*, 70 NY2d 768, 769). The defendant's claim that shock

incarceration was part of the plea agreement rests upon matters which are dehors the record and may only be raised upon a motion pursuant to CPL 440.10 (*see, People v Lebrun,* 234 AD2d 392). Additionally, the defendant does not allege that he is actually innocent of the charges to which he voluntarily pleaded guilty (*see, People v Hayes,* 186 AD2d 268, 269).

As the People correctly concede, the court imposed an illegal sentence of 3$^{1}$/$_{6}$ to 9$^{1}$/$_{3}$ years imprisonment under Indictment No. 96-00210. The court should have imposed a minimum term of imprisonment of one-third of the maximum term (*see,* Penal Law § 70.00 [3] [b]). However, we otherwise decline to modify the sentence as we do not find it to be excessive (*see, People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.