■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BLAYLOCK, Appellant. [697 NYS2d 522] —Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered May 22, 1997, convicting him of rape in the first degree, rape in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not err in relieving the defendant's first assigned counsel and assigning a new attorney to represent him, as the defendant's first assigned counsel also represented a witness for the prosecution (*see,* NY State Bar Association, Ethics Opn 290 [1973]; Code of Professional Responsibility 5-105 [B] [22 NYCRR 1200.24 (b)]; EC 5-14, 5-15; *People v Scotti,* 142 AD2d 616).

The defendant claims that he was denied the effective assistance of counsel with respect to the second assigned counsel. To the extent that the argument is premised upon that attorney's failure to present certain evidence, the defendant's claim involves matters which are dehors the record and is not properly presented on direct appeal (*see, People v Davis,* 261 AD2d 411; *People v Hewitt,* 258 AD2d 668; *People v Clark,* 254 AD2d 299; *People v Boyd,* 244 AD2d 497; *People v Lebrun,* 234 AD2d 392). Insofar as we are able to review the claim of ineffective assistance of counsel, we find that the performance of the defendant's second assigned counsel amply met the standard of meaningful representation (*see, People v Ellis,* 81 NY2d 854; *People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137).

The defendant's remaining contentions are either unpreserved for appellate review or do not require reversal. Bracken, J. P., Joy, Goldstein and Luciano, JJ., concur.