■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD GURETZKY, Appellant. [712 NYS2d 387] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered October 24, 1997, convicting him of bribery in the third degree, upon his plea of guilty, and sentencing him to five years probation and 500 hours of community service. By decision and order of this Court dated February 16, 1999, the matter was remitted to the Supreme Court, Queens County, to hear and report on the issue of whether the defendant's plea was voluntarily entered, and the appeal was held in abeyance in the interim (*see, People v Guretzky,* 258 AD2d 596). The Supreme Court, Queens County (Dunlop, J.), has filed its report.

Ordered that the judgment is modified, on the law, by vacating that portion of the sentence which imposed 500 hours of community service; as so modified, the judgment is affirmed.

The defendant pleaded guilty during trial, after the completion of testimony but prior to submission of the case to the jury. At the plea proceeding, the court promised him a sentence of five years probation and a certificate of relief from disabilities (*see,* Correction Law art 23). At sentencing, however, the court, without explanation, sentenced him to five years probation and 500 hours of community service. The sentencing court also stated that the defendant could apply for a certificate of relief from disabilities "[a]t the end of the first six months".

Contrary to the defendant's contention, his plea was not rendered involuntary by defense counsel's alleged inadequate representation. Although the defendant claims that but for his counsel's misrepresentation of the court's position on sentencing, he would have insisted upon going to verdict, he did not

demonstrate a reasonable possibility that he would have been acquitted or would have received a lesser sentence if convicted by the jury. Consequently, he has failed to demonstrate that he was prejudiced by any deficiency in his counsel's performance (*see, Strickland v Washington,* 466 US 668, 694-695; *People v Hayes,* 186 AD2d 268).

The defendant is not entitled to vacatur of his plea because the court did not issue a certificate of relief from disabilities at sentencing. The court made no specific promise as to when it would issue the certificate.

The People correctly concede, however, that the defendant was not sentenced as promised inasmuch as the court imposed the additional requirement that he perform 500 hours of community service. Since the court declined to impose the promised sentence without stating on the record the reason for departing from the sentencing agreement, the promised sentence should be imposed (*see, People v Brown,* 207 AD2d 408; *People v Raffaele,* 199 AD2d 545). Joy, J. P., Altman, Krausman and Goldstein, JJ., concur.