■ In the Matter of VILAIR FONVIL, Petitioner, v RICHARD A. MOLEA, as Justice of the Supreme Court of the State of New York, Respondent. MICHAEL E. BONGIORNO, District Attorney, Nonparty Respondent. [750 NYS2d 531] —Proceeding pursuant to CPLR article 78, in the nature of prohibition, inter alia, to prohibit the respondent Richard A. Molea, a Justice of the Supreme Court, from proceeding with a retrial of the petitioner in the criminal action entitled *People v Fonvil,* pending in the Supreme Court, Rockland County, under Indictment Nos. 2001/ 233 and 2001/292, on the ground that the retrial would violate his right not to be placed twice in jeopardy for the same offense.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

Under the circumstances of this case, the Supreme Court properly disqualified the petitioner's attorney during the trial (*see People v Hall,* 46 NY2d 873, 874, *cert denied* 444 US 848; *People v Blaylock,* 266 AD2d 400; *People v King,* 248 AD2d 639, 640; *People v Scotti,* 142 AD2d 616), and correctly declared a mistrial out of "manifest necessity" (CPL 280.10 [3]; *cf. Matter of Davis v Brown,* 87 NY2d 626, 630). Accordingly, a retrial of the petitioner does not violate double jeopardy principles (*cf.*

*Matter of Davis v Brown, supra* at 630). In light of this, the petitioner does not have a "clear legal right" to the relief requested, and the petition must be denied (*cf. Matter of Holtzman v Goldman,* 71 NY2d 564, 569).

Moreover, prohibition does not lie to prohibit the court from enforcing its order relieving the petitioner's attorney (*see Matter of Newell v Demakos,* 232 AD2d 564; *Matter of Cambria v Adams,* 161 AD2d 1180, 1181). Smith, J.P., McGinity, Luciano and Crane, JJ., concur.