In the Matter of CAMILLE MURRAY, Petitioner, v JAMES HUDSON, as Judge of the Suffolk County Court, et al., Respondents. [841 NYS2d 645]—

Proceeding pursuant to CPLR article 78, inter alia, in the nature of prohibition to prohibit James Hudson, a Judge of the County Court, County of Suffolk, from enforcing an order dated February 21, 2007, in a criminal action entitled *People v Murray,* pending under indictment No. I-1805-06, which directed the petitioner's attorney to produce certain records in his possession which were subpoenaed by the People from a nonparty, and disqualified the petitioner's attorney as defense counsel in that criminal action, and in the nature of mandamus to compel James Hudson to grant certain motions, or alternatively, to render a decision on motions pending before him in that criminal action.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements; and it is further,

Ordered that the temporary restraining order contained in the order to show cause dated March 7, 2007 is vacated.

The petitioner commenced this CPLR article 78 proceeding in the nature of prohibition seeking, inter alia, to prohibit enforcement of an order dated February 21, 2007 in a criminal action pending against her in the County Court, Suffolk County, before Judge James Hudson, which directed her counsel to forward all records he received from the petitioner's employer to the subpoena records clerk's office of that court, and disqualified her counsel from representing her in the underlying criminal action, and in the nature of mandamus to compel Judge James Hudson to grant certain motions, or alternatively, to render a decision on motions pending before him in that criminal action.

According to the petitioner, before the People served a

subpoena on her employer for the records at issue, her employer gave her possession of them. She contends that the order directing her attorney to deliver the records to the subpoena records clerk's office improperly granted the People discovery from her which exceeded that to which they are statutorily entitled. We reject the premise underlying the petitioner's argument, which is that by getting possession of the third-party records before the subpoena was served upon her employer, she was entitled to shield them from the People, even if the records were the proper subject of a subpoena from the People.

In general, "a subpoena duces tecum may not be used for the purpose of discovery or to ascertain the existence of evidence (*People v Gissendanner*, 48 NY2d 543, 551). 'Rather, its purpose is "to compel the production of specific documents that are relevant and material to facts at issue in a pending judicial proceeding" ' (*Matter of Constantine v Leto*, 157 AD2d 376, 378, *affd for reasons stated* 77 NY2d 975)" (*Matter of Terry D.*, 81 NY2d 1042, 1044 [1993]). In this case, the People had a right to subpoena the records from the petitioner's employer, as the records are relevant and material to her alibi defense. Because the People had a right to subpoena these documents from a nonparty to the criminal action, and they did not thereby seek improper discovery from the petitioner, the County Court did not act without jurisdiction or in excess of its authorized powers when it directed the petitioner's counsel to deliver the documents to the subpoena records clerk's office (*see People v Parker*, 307 AD2d 538 [2003]), and the petitioner has no clear legal right to prevent the People from obtaining the documents. Hence, prohibition does not lie (*see Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]).

Moreover, the extraordinary remedy of a writ of prohibition does not lie to seek collateral review of the issue of disqualification of the petitioner's attorney (*see Matter of Lipari v Owens*, 70 NY2d 731, 733 [1987]; *Matter of Kavanagh v Vogt*, 58 NY2d 678 [1982]; *Matter of Newell v Demakos*, 232 AD2d 564 [1996]; *Matter of Cambria v Adams*, 161 AD2d 1180 [1990]).

So much of the petition as seeks a writ of mandamus compelling Judge Hudson to render a particular decision granting the petitioner's pending motions to dismiss the indictment must be dismissed on the ground that mandamus does not lie to direct a subordinate judicial tribunal to decide a matter pending before it in a particular manner, where the decision that is sought involves the exercise of discretion or judgment, and is not merely ministerial in nature (*see Matter of Crain Communications v Hughes*, 74 NY2d 626, 628 [1989]; *Klostermann v Cuomo*, 61

NY2d 525, 540-541 [1984]; *Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 22 [1981]; *Matter of DeCintio v Cohalan*, 18 AD3d 872 [2005]; *Matter of Dyno v Rose*, 260 AD2d 694, 698 [1999]; *Matter of Giordano v Mackston*, 240 AD2d 578 [1997]).

While mandamus may sometimes lie to compel a court to decide a motion in the first instance (*see Matter of Law Offs. of Russell I. Marnell, P.C. v Blydenburgh*, 26 AD3d 495 [2006]), in this case the petitioner did not establish a clear right to that relief, as the County Court acted within its authority in deferring decision on the pending motions until the petitioner retained new counsel. Mastro, J.P., Covello, Angiolillo and Dickerson, JJ., concur.