■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBIN HAYES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered December 8, 1988, convicting him of sodomy in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's waiver of his rights comports with the standards set out in People v Harris (61 NY2d 9). Contrary to the defendant's claim, the court ensured that the defendant was aware that he did not have to plead guilty and that he could proceed to trial if he had any question regarding the facts. Moreover, the record indicates that the defendant thought about the plea, conferred with his attorney, and voluntarily rephrased his statement of the facts of the crime to remove any ambiguity. Thus, the defendant's plea was knowing, intelligent, and voluntary.

Furthermore, contrary to his assertions, the defendant received the effective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, the defendant must overcome the presumption of effectiveness and show that counsel failed to provide "meaningful representation" (People v Jackson, 70 NY2d 768, 769). Additionally, the defendant must show that, but for counsel's allegedly deficient performance, he would not have pleaded guilty and would have insisted upon going to trial (see, Hill v Lockhart, 474 US 52,

57-59). Here, the defendant has not overcome the presumption. The mere fact that different attorneys assisted in the defendant's case at different times does not render their assistance ineffective (see, *Morris v Slappy,* 461 US 1, 14). Moreover, the defendant does not allege that he is actually innocent of the charges to which he voluntarily pleaded guilty (see, *United States v Tiler,* 602 F2d 30, 35). Nor does he assert that, but for the alleged errors of counsel, there is a reasonable possibility that he would not have pleaded guilty, would have insisted upon going to trial, and would have been acquitted or received a lesser sentence if convicted, than he actually received (see, *Strickland v Washington,* 466 US 668).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Balletta, Eiber, Pizzuto and Santucci, JJ., concur.