■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LARRY GURLEY, Respondent. [602 NYS2d 184] —Appeal by the People from an order of the Supreme Court, Kings County (Rappaport, J.), dated May 7, 1992, which granted the defendant's motion pursuant to CPL 440.10 to vacate his judgment of conviction on the ground of newly discovered evidence and ordered a new trial.

Ordered that the order is affirmed.

After a jury trial in 1972, the defendant was convicted, inter alia, of murder. According to the People, while standing on the street, the defendant, aiming from his waist, shot the victim who was standing upon the stoop of a building, which

would cause an upward track of the bullet into the victim's body. Nonetheless, the victim's autopsy report established that the bullet's track in his body was downward. This factual predicate tended to support the defendant's assertion that the victim was accidentally shot from an elevated position, over the defendant's shoulder, while the defendant was on top of the stoop struggling to wrest the gun from another person. According to the defendant, at the time of the shooting, the victim was down at the street level. However, on cross-examination, the prosecutor elicited from the defendant's expert witness that the bullet which entered the victim's body might have deflected its path after striking the sternum. This testimony undisputedly relied on the parties' understanding that the bullet which entered the victim's body was not a .22 caliber bullet, which would have fragmented had it struck a bone in the victim's body, but rather, was a larger .25 caliber bullet.

In 1991, the defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground, *inter alia,* of newly discovered evidence, i.e., a supplemental police report, which had not been made available to the defendant during the 1972 trial, and which established that the bullet found in the victim's body was a .22 caliber and not a .25 caliber bullet. A hearing was held on the motion and the hearing court determined that the police report at issue constituted "newly discovered evidence" pursuant to CPL 440.10, and that had such evidence been received at the trial, it is probable the verdict would have been more favorable to the defendant. Accordingly, the hearing court vacated the defendant's judgment of conviction and ordered a new trial. We affirm.

To be considered "newly discovered" evidence sufficient to warrant vacating a judgment of conviction pursuant to CPL 440.10 (1) (g), the evidence in question must meet the six criteria set forth in *People v Salemi* (309 NY 208, 216, *cert denied* 350 US 950, citing *People v Priori,* 164 NY 459, 472), specifically, (1) it must be such as will probably change the result if a new trial is granted, (2) it must have been discovered since the trial, (3) it must be such as could have not been discovered before the trial by the exercise of due diligence, (4) it must be material to the issue, (5) it must not be cumulative to the former issue, and (6) it must not be merely impeaching or contradicting the former evidence. Additionally, CPL 440.30 (1) and (6) require that such motions be based upon sworn allegations and that the defendant prove "every fact essential to support the motion" by a preponderance of the evidence.

We have further held that the power to grant an order for a new trial is purely statutory and such power may be exercised by the court only when the requirements of the statute have been satisfied, the determination of which rests in the sound discretion of the court *(see, People v Balan,* 107 AD2d 811).

In this case, the hearing court specifically found that the newly discovered police report met the statutory criteria and the defendant had satisfied his burden of proof *(see, e.g., People v Carter,* 63 NY2d 530). Contrary to the People's contentions, the information in the police report was clearly material to the issues at trial, to wit, the position of the participants when the victim was shot, the type of gun used, and why the path of the bullet in the victim's body was downward. That information was significant enough to create a probability that had this evidence been available at the trial, it could have led to a verdict more favorable to the defendant. Thompson, J. P., Miller, Santucci and Joy, JJ., concur.