OPINION OF THE COURT
Rosenblatt, J.
At any time before it imposes sentence, a court in its discrettion may permit a defendant to withdraw a guilty plea (see *484 CPL 220.60 [3]). On the facts before us, we conclude that Supreme Court did not abuse its discretion in denying defendant’s motion to withdraw his guilty plea, and we therefore affirm the order of the Appellate Division upholding defendant’s conviction.
Defendant was indicted for beating his girlfriend on separate occasions by kicking her in the face, punching her in the stomach, breaking her jaw and dragging her across a hardwood floor. Because an order of protection required defendant to stay away from the victim, the indictment included criminal contempt charges. Counseled by his attorney, defendant entered an Alford plea to criminal contempt in the first degree (Penal Law § 215.51 [b] [v]) in satisfaction of the indictment (see North Carolina v Alford, 400 US 25 [1970]).
While awaiting sentence, defendant moved to withdraw his guilty plea, claiming he was not competent when he entered it. The trial court ordered a psychiatric examination pursuant to Criminal Procedure Law article 730 — a vehicle to determine whether a defendant is competent to stand trial. In their reports, both examining physicians concluded that defendant was fit to proceed. They stated that he required medication for his “personality disorder with cyclothymic and anti-social features,” but that he was neither an “incapacitated person” nor was he suffering from psychosis or impaired cognition. Although the psychiatrists did not focus on defendant’s mental condition as of the day he pleaded guilty, they indicated that he entered the guilty plea while “emotionally distraught.”[1] The trial court denied defendant’s motion to withdraw his plea.
Renewing the motion at sentencing, defendant added that the victim no longer wished to proceed with the charges and that this constituted a change in circumstances such that the guilty plea was a “mistake.” The defense contended that the *485 victim was a drug addict who “made up” the charges and regretted it. Defendant further stated that he was physically incapable of kicking the victim in the jaw. Supreme Court again denied defendant’s motion. The Appellate Division affirmed the conviction, concluding that the record belied defendant’s claim of incompetency. We agree.
Trial judges are vested with discretion in deciding plea withdrawal motions because they are best able to determine whether a plea is entered voluntarily, knowingly and intelligently. It follows that a motion to withdraw a guilty plea will not be granted merely for the asking, for as we have observed in another context, a guilty plea generally “marks the end of a criminal case [and is] not a gateway to further litigation” (People v Taylor, 65 NY2d 1, 5 [1985]). The interest of finality requires no less (see People v Frederick, 45 NY2d 520, 525 [1978]).
With these principles in mind, we have on several occasions upheld trial court decisions denying motions to withdraw guilty pleas. For example, in People v Dixon (29 NY2d 55, 57 [1971]), we noted that “[a] defendant is not entitled to withdraw his guilty plea based on a subsequent unsupported claim of innocence, where the guilty plea was voluntarily made with the advice of counsel following an appraisal of all the relevant factors * * Similarly, in People v Feliciano (53 NY2d 645 [1981]), we held that notwithstanding the defendant’s claims of innocence, illness and confusion, the trial court did not abuse its discretion in denying defendant’s motion to withdraw his guilty plea.[2]
Nevertheless, we have recognized that there are instances in which denial of a motion to withdraw a guilty plea constitutes an abuse of discretion. In People v Englese (7 NY2d 83 [1959]) we held that the trial court erred in denying the defendant’s motion where the indictment mislabeled a misdemeanor as a *486 felony. Moreover, in People v Nettles (30 NY2d 841, 842 [1972]) we determined that it was error not to allow the defendant to withdraw a guilty plea that was the result of a “mutual mistake of fact and law” and was further weakened by the defendant’s serious illness and low level of education.
Here, we conclude that the trial, court did not abuse its discretion in denying defendant’s motion. The court was able firsthand to assess whether defendant was alert and knowledgeable enough to plead guilty voluntarily. Under oath defendant told the court that, after consulting with counsel, he understood the nature of the proceedings and that his guilty plea entailed a waiver of various rights. The court then asked defendant whether by tendering an Alford plea he was pleading guilty for fear of being convicted of a higher charge. Defendant said yes. There was not the slightest indication that defendant was uninformed, confused or incompetent.[3] ****8
Defendant’s protestations as to his incompetence, confusion and innocence ring hollow. Concededly, defendant had a history of mental illness for which he was taking medication. But even if (as he claims) he failed to take his medication on the day in question, we are unable to conclude on this record that the failure so stripped him of orientation or cognition that he lacked the capacity to plead guilty. Moreover, that a defendant is “emotionally distraught” when pleading guilty affords no basis to withdraw the plea (see People v Green, 75 NY2d 902 [1990]). Furthermore, defendant’s familiarity with the criminal justice system speaks volumes. He is a veteran offender well oriented with criminal proceedings, having been arrested approximately 51 times for 122 crimes, resulting in 42 guilty pleas (see People v Frederick, 45 NY2d at 525 [noting that “(defendant was not a novice in criminal affairs and was, therefore, schooled in the nature of criminal proceedings”]).
*487 As to defendant’s protestations of innocence, we note that unlike an ordinary guilty plea, an Alford plea does not involve a recitation of guilt. On the contrary, it is typically tendered when a defendant, without admitting culpability (or while maintaining innocence), negotiates a guilty plea for fear of being convicted of a higher charge or being exposed to a greater sentence. Inasmuch as defendant tendered his plea without admitting guilt, his claims of innocence are not incompatible with his Alford plea (see Alford, 400 US at 37). As such, they form no basis to attack the plea (see Dixon, 29 NY2d at 57). Furthermore, we cannot fault the trial court for rejecting defendant’s claim that the victim’s broken jaw and other injuries were fabricated or that he lacked the physical ability to kick her. Such unsupported allegations simply raise issues of credibility, which a trial court in its discretion may summarily resolve against the defendant (see id. at 56). Indeed, contrary to his protestations of innocence, defendant did not plead guilty to kicking the victim or breaking her jaw, but rather to criminal contempt for violating an order of protection in a different incident of physical abuse.
Nor can we ignore the surrounding circumstances, particularly the extent to which defendant based his motion on the victim’s purported desire to drop the charges. Our dissenting colleague contends that these circumstances argue for reversal. We disagree. A victim’s reluctance to go forward with a charge is not a sufficient basis to justify the withdrawal of a guilty plea. This is particularly true in domestic violence cases. Courts and commentators have long recognized the cycle of domestic abuse in which beatings are followed by the victims’ unwillingness to pursue the charges.[4] It is regrettable enough that this pattern exists, let alone that it should be used in support of a motion to withdraw a guilty plea.
*488 In sum, we conclude that on the facts before us Supreme Court did not abuse its discretion in denying defendant’s motion to withdraw his guilty plea.
Accordingly, the order of the Appellate Division should be affirmed.

. It is not surprising that the article 730 reports did not focus on defendant’s mental condition at the time he pleaded guilty, given that article 730 deals with a defendant’s mental competency at the time of the examination to determine whether the defendant is fit to proceed. Here, two psychiatrists examined defendant and concluded that he was competent and fit to proceed. They did not condition that conclusion on defendant’s adherence to his medication program. Although defendant may quarrel with the psychiatrists’ conclusion as it relates to his competency on the day of the plea, he does not contend that the trial court in any way failed to comply with the requirements of article 730 (cf. People v Armlin, 37 NY2d 167 [1975]).

. We applied similar reasoning in the following cases: People v Ramos (63 NY2d 640 [1984] [defendant may not withdraw his guilty plea based on incorrect advice he received from his attorney off the record]); People v Billingsley (54 NY2d 960 [1981] [court did not abuse its discretion in denying defendant’s motion after defendant asserted his innocence]); People v Da Forno (53 NY2d 1006 [1981] [court did not abuse its discretion in denying defendant’s motion where defendant claimed plea conditions were misrepresented to him]); People v Mason (48 NY2d 896 [1979] [court did not abuse its discretion in denying defendant’s motion where defendant’s “faulty memory” exposed him to a longer sentence than he anticipated]); People v Cataldo (39 NY2d 578 [1976] [defendant may not withdraw his guilty plea merely because he misunderstood the nature of the agreement]); see generally Donnino, New York Court of Appeals on Criminal Law §§ 26:32, 26:33, at 26-17 — 26-19.

. We appreciate the dissent’s criticism over the cursory way in which the court took the Alford plea. It made no factual inquiry of the defense or prosecution to justify defendant’s conclusory assertion that he was entering the Alford plea fearful of a more severe conviction. We agree that an Alford plea presupposes a strong showing of guilt which the judge should recognize before accepting the plea (see North Carolina v Alford, 400 US 25, 37 [1970]; Matter of Silmon v Travis, 95 NY2d 470, 475 [2000]; cf. United States v. Riascos-Suarez, 73 F3d 616, 622 [6th Cir 1996], citing Fed Rules Crim Pro rule 11 [f|). Although defendant asserts that he was not competent to plead guilty, he has never challenged his Alford allocution and does not do so on this appeal. Indeed, at oral "argument defendant expressly disclaimed any intention to pursue that point. Therefore, despite our dissenting colleague’s contentions as to noncompliance with Alford criteria, the issue is not before us.

. This unfortunate pattern is well documented. Although the abusers’ guilt may be clear and provable, many victims of domestic violence decide not to pursue charges for a host of reasons, including fear of retaliation, financial dependence and threats of violence (see e.g. Kirsch II, Problems in Domestic Violence: Should Victims be Forced to Participate in the Prosecution of Their Abusers?, 7 Wm & Mary J of Women & L 383, 393-398 [2001]; Wills, Domestic Violence: The Case for Aggressive Prosecution, 7 UCLA Women’s LJ 173, 176-179 [1997]; Note, No-Drop Policies in the Prosecution of Domestic Violence Cases: Guarantee to Action or Dangerous Solution?, 63 Fordham L Rev 853, 870-873 [1994]; Note, The Problem of Using Hearsay in Domestic Violence Cases: Is a New Exception the Answer?, 49 Duke LJ 1041, 1047-1049 [2000]), We note that while defendant was awaiting sentence in the case before us, he was arrested again for another offense in connection with the same victim.