People v Boehm (2004 NY Slip Op 50945(U))

[*1]

People v Boehm

2004 NY Slip Op 50945(U)

Decided on August 30, 2004

Supreme Court, Queens County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 30, 2004

Supreme Court, Queens County
THE PEOPLE OF THE STATE OF NEW YORK
against
ROBERT BOEHM, Defendant.
921-03

DEFENDANT PRO SE
For the Motion
RICHARD A. BROWN, D.A.
BY: A.D.A. MARYAM LIPKANSKY Opposed

Seymour Rotker, J.
The following constitutes the opinion, decision and order of the Court.
By letter dated August 1, 2004, and motion dated August 12, 2004, defendant seeks an order of the court to withdraw his plea of guilty to Burglary in the Second Degree upon the ground that it was obtained in violation of his constitutional rights. Also included in his August 12, 2004 motion is an application by defendant for reassignment of counsel.
Defendant's claims are that he was denied effective assistance of counsel.[FN1] Specifically, in his August 1, 2004 letter, defendant asserts that his presently assigned counsel has failed to provide him with a transcript of a Sandoval hearing.[FN2] Furthermore, defendant indicates that he has not yet received a copy of the waiver of appeal that he executed in this matter.[FN3] Additionally, defendant claims that he has requested investigative reports and transcripts taken by investigators hired by his counsel and has not received these materials. Thus, defendant argues after reviewing "the Statement of Client's Rights," that he has been denied sufficient information to participate meaningfully in the [*2]development of his case and has not had his concerns addressed in a prompt manner.[FN4]
In his August 12, 2004 motion to withdraw his plea, defendant asserts that he is not guilty, was confused and "uninformed when he pleaded guilty. Deponent believes that had he not been told to plead guilty and had he not been deprived of effective assistance of counsel that he would not have pleaded guilty." Defendant also moves for reassignment of counsel in this August 12, 2004 motion.
In response, the People have filed an affirmation in opposition dated August 25, 2004, whereby they assert that defendant's motion should be denied in its entirety because the record of defendant's plea demonstrates that defendant fully understood the proceedings and the implications of his plea. Defendant himself asked questions when he sought clarification of issues and represented that his plea was knowingly, intelligently and voluntarily made. In opposition to defendant's claim of ineffective assistance of counsel, the prosecution argues that defendant's claims are unsupported by the record and that defendant's history of antagonizing five of his previously assigned attorneys within the period of just over a year invalidates his argument.
For the reasons stated herein, defendant's motion is denied.
FACTS
Defendant was charged in a three-count indictment filed on June 13, 2003, with the crimes of: Burglary in the Second Degree (PL 140.25(2)); Grand Larceny in the Third Degree (PL 155.35) and Criminal Mischief in the Fourth Degree (PL 145.00(1)).
On April 29, 2004, after an extensive explanation of his plea and promised sentence, including an in-depth explanation of his post-release parole supervision, defendant voluntarily entered a plea of guilty to Burglary in the Second Degree. See Plea Minutes annexed to People's Response as Exhibit "A." The plea was taken pursuant to Alford v. North Carolina, 400 U.S. 25 (1970), and People v. Serrano, 15 N.Y.2d 304 (1965). Defendant waived his right to appeal and executed the appropriate documentation indicating his intent to waive this right. Defendant was promised a definite sentence of 7 (seven) years incarceration after being arraigned as a Second Violent Felony Offender pursuant to Penal Law Section 70.04. Currently, defendant's sentence is scheduled for September 15, 2004.
In defendant's present motion before this Court, he is moving to withdraw his negotiated plea, upon the ground that his rights under the Sixth Amendment have been violated. Furthermore, [*3]defendant moves for reassignment of counsel.
DECISION
I. Defendant is Not Entitled to Withdraw His Guilty Plea.
Pursuant to Criminal Procedure Law Section 220.60 (3) the court has discretionary authority to permit a defendant to withdraw a guilty plea and restore the indictment as it existed prior to the plea. However, before a defendant may be permitted to upset a judgment of conviction based upon a plea he must demonstrate that the plea was not voluntarily, knowingly and intelligently made. See People v. Leviyev, 256 A.D.2d 359, 681 N.Y.S.2d 766 (2d Dept. 1998); People v. Evans, 204 A.D.2d 346, 614 N.Y.S.2d 151 (2d Dept. 1994); People v. Stevens, 193 A.D.2d 635, 598 N.Y.S.2d 967 (2d Dept. 1993); see also People v. Martin, 227 A.D.2d 416, 642 N.Y.S.2d 548 (2d Dept. 1996).
The trial judge, best able to determine a motion to withdraw a guilty plea, is given discretion to determine if a plea is entered voluntarily, knowingly and intelligently. See People v. Alexander, 97 N.Y.2d 482, 743 N.Y.S.2d 45 (2002); People v. Rivas, 260 A.D.2d 583, 688 N.Y.S.2d 604 (2d Dept. 1999)(court properly exercised discretion in denying defendant's application to withdraw plea where defendant's claims of coercion and misinformation by his attorney were unsubstantiated and not supported by record); CPL 220.60(3). A plea of guilty, in general, "marks the end of a criminal case [and is] not a gateway to further litigation." See Alexander, supra at 485, quoting People v. Taylor, 65 N.Y.2d 1, 5, 489 N.Y.S.2d 152 (1985). Thus, a plea of guilty is not withdrawn simply because a defendant makes a request. See Alexander, supra at 485.
Here, a review of the minutes of defendant's plea allocution reveals that he was neither coerced nor confused at the time. See People v. Rodriguez, 270 A.D.2d 434, 705 N.Y.S.2d 259 (2d Dept. 2000)(no hearing necessary where defendant was fully able to present his contentions and record revealed defendant was lucid, rational and unequivocal in assuring court he fully comprehended plea proceedings); People v. Hansen, 269 A.D.2d 467, 704 N.Y.S.2d 269 (2d Dept. 2000)(conclusory assertions by defendant that he was dazed and confused during plea and was innocent were without support and court properly exercised discretion to deny withdrawal of plea). Defendant's responses to the Court's inquiries, as well as the questions he asked, were coherent and reflected a complete understanding of the plea process and the consequences of his guilty plea. The Court specifically advised defendant on the record that he had the right to a trial by jury and that a jury panel was available. When the Court asked to have the panel brought over, defendant stated, "No, I want to take a disposition." See Plea Minutes at 7. Furthermore, the Court explained to defendant that he would be taking an Alford plea which meant that he did not have to admit culpability but, did have to answer questions so the Court would be satisfied that the negotiated plea was his wish and intended disposition. See id. at 7-8.
Defendant was sworn in and his attorney indicated that he wished to plead guilty. See id. at 8. The Court questioned defendant directly on the record and repeatedly advised defendant that he had the choice of having his case tried by a jury. The Court acknowledged its understanding that defendant wished to enter into a plea agreement because there was "a [*4]potential that you could be convicted of the crime of burglary in the second degree, and that because you would be a second felony offender, a second violent felony offender, that the sentence you face could be up to 15 years in state's prison. But that I am making a promise to you. I'm giving you the minimum sentence that I can under the law, which is seven years. . . . Is that what your understanding is, sir?" Defendant responded: "Yes, sir." See id. at 10.
Moreover, defendant was told by the Court that if any other promises had been made to him they were invalid. Defendant was asked if he understood that he was giving up his right to a jury trial, to hear and see witnesses, to appeal to any "higher court for any reason whatsoever," and that part of his sentence included a period of post-release parole supervision. Additionally, defendant was told that despite his request not to have his prior felony record available to the Department of Corrections, his conviction would be in the probation report and would be known.
Further demonstrating his voluntary, knowing and intelligent understanding of the plea agreement he was entering, defendant even asked the Court if it could waive or reduce the time for his post-release parole supervision, a mandatory requirement. The Court even accommodated defendant in his request to adjourn his sentence date for a long period so that he could remain in the area before going upstate to serve his time. Defendant asked to order minutes of a prior Court appearance which the Court denied and told defendant that if his intention was to appeal that he did not have that right since he waived any appeal upon taking the plea and executing the waiver of appeal. Thus, this Court finds that defendant's plea was knowing, voluntary and intelligently made and he cannot withdraw his plea for any of his alleged reasons.
In addition, defendant's current claim of innocence is conclusory and does not warrant the granting of a motion to withdraw a guilty plea where he has admitted committing the crime, subject to the limitations of Alford v North Carolina, supra. See People v. McCaskell, 206 A.D.2d 547 (2d Dept. 1994), appeal denied, 84 N.Y.2d 869 (1994). [FN5]
[*5]
As to defendant's protestations of innocence, we note that unlike an ordinary guilty plea, an Alford plea does not involve a recitation of guilt. On the contrary, it is typically tendered when a defendant, without admitting culpability (or while maintaining innocence), negotiates a guilty plea for fear of being convicted of a higher charge or being exposed to a greater sentence. Inasmuch as defendant tendered his plea without admitting guilt, his claims of innocence are not incompatible with his Alford plea.
Alexander, supra at 487 (emphasis added). Thus, any assertions defendant now attempts to make claiming innocence, have no effect upon his Alford plea. Defendant cannot withdraw his plea by now claiming innocence since he never made any admission pursuant to his plea.
Moreover, even if defendant did not take a plea pursuant to Alford, the Court of Appeals has held that an unsupported claim of innocence, as we have here, is insufficient to permit a defendant to withdraw a guilty plea. See People v. Dixon, 29 N.Y.2d 55 (1971); see also People v. Feliciano, 53 N.Y.2d 645, (1981)(trial court did not abuse discretion when it did not allow defendant to withdraw his guilty plea whereby he claimed innocence, illness and confusion).

II. Defendant's Claim of Ineffective Assistance of Counsel is Meritless and Unsubstantiated; Defendant is Not Entitled to Reassignment of Counsel.
Initially, defendant moves to withdraw his plea and thus, vacate the judgment upon the ground that: "[t]he judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States."[FN6]
Here, this Court finds that defendant expressly waived any appeal of his plea, as evidenced by the plea allocution and written waiver of appeal contained in the Court file.
Nevertheless, this Court now turns to a discussion of the standard for determining effective assistance of counsel claims. Effective assistance of counsel has been defined as follows, "so long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met." See People v. Baldi, 54 N.Y.2d 137, 444 N.Y.S.2d 893 (1981). Moreover, a defendant must demonstrate the absence of strategic or other legitimate expectations for counsel's failure to pursue a particular course of action. See People v. Garcia, 75 N.Y.2d 973, 556 N.Y.S.2d 505 (1990).
[*6]
It is well-settled that, in order to establish ineffective assistance of counsel, defendant must demonstrate that his counsel's performance was so deficient that his counsel was not functioning within the meaning of the Sixth Amendment to the United States Constitution, and that his counsel's deficient performance prejudiced him. This is the federal standard known as the two-part Strickland test. See Strickland v. Washington, 466 U.S. 668 (1984). To establish the "prejudice" prong, defendant must show that a reasonable probability exists that, but for counsel's unprofessional errors, the result of the trial would have been different. See id. Defendant has not met this burden. The defendant has failed to demonstrate the absence of strategic or other legitimate explanations for counsel's actions during his representation of defendant.
Under New York law, the Court of Appeals has reiterated that the standard for determining whether a defendant received effective assistance of counsel as first articulated in People v. Baldi, supra. In People v. Benevento, 91 N.Y.2d 708, 674 N.Y.S.2d 629 (1998), the Court found that "effective assistance" varies depending upon the circumstances of the case and that a flexible standard to analyze ineffective assistance of counsel claims must be applied under the New York State Constitution. Specifically, the Benevento Court addressed the term "meaningful representation" and how it is defined. Meaningful representation does not mean a perfect trial and efforts of counsel should not be second-guessed with hindsight. See Benevento, supra at 712. Thus, "a reviewing court must avoid confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis." See Benevento, supra at 712, quoting Baldi, supra.[FN7]
Defendant has failed to demonstrate ineffective assistance of counsel prejudice under the New York State test and under Federal Law. Defendant's bare assertions that he did not receive investigative reports or a transcript of minutes is not controlling. Defendant executed a valid waiver and was aware of these issues prior to his plea. See People v. Hidalgo, 91 N.Y.2d 733 (1998)(defendant expressly waived right to appeal since potential sentence parameters were explained to her prior to allocution and thus, defendant could not challenge sentence as excessive once valid waiver executed); see also People v. Seaberg, 74 N.Y.2d 1, 543 N.Y.S.2d 968 (1989)(as part of a plea bargain, a defendant may waive his/her right to appeal).
Defendant's claims of his dissatisfaction with counsel, the sixth attorney to represent him in this case, are not supported by the record and are insufficient to warrant the substitution of assigned counsel or the withdrawal of his plea. See People v. Carter, 304 AD.2d 771, 757 N.Y.S.2d 776 (2d Dept. 2003)(defendant not entitled to withdraw plea by claiming coercion and dissatisfaction with counsel and promised sentence; court properly exercised discretion denying withdrawal); People v. Fernandez, 291 A.D.2d 456, 737 N.Y.S.2d 545 (2d Dept. 2002)(unsubstantiated claims of coercion and innocence refuted by plea allocution and court properly exercised discretion denying plea withdrawal); People v. Rosa, 239 A.D.2d 364, 657 N.Y.S.2d 94 (2d Dept. 1997)(defendant not permitted to withdraw Alford plea; discretionary [*7]with court and nothing in record suggested plea improvident or baseless; defendant's claims of innocence and that he was ill-advised were insufficient to warrant withdrawal).
In People v. Rodriguez, 188 A.D.2d 623, 591 N.Y.S.2d 846 (2d Dept. 1992), the defendant sought to withdraw his plea. The court denied the defendant's application because his assertion that his attorney failed to provide "meaningful representation" was not supported by the record. Additionally, the court noted that the defendant did not demonstrate that he would not have pled guilty and would have insisted upon going to trial, "but for counsel's allegedly deficient performance." Rodriguez, supra at 623.[FN8] See also People v. Hayes, 186 A.D.2d 268, 588 N.Y.S.2d 328 (2d Dept. 1992)(defendant did not show that he would have insisted on going to trial absent his counsel's allegedly ineffective assistance); People v. Fears, 110 A.D.2d 712, 488 N.Y.S.2d 26 (2d Dept. 1985)(court's refusal to allow plea withdrawal proper where defendant's claims of innocence and duress were based on unsupported allegations and presented a credibility issue); see also People v. Boodhoo, 191 A.D.2d 448, 593 N.Y.S.2d 882 (2d Dept. 1993)(when advantageous plea received by defendant and record does not cast doubt on apparent effectiveness of counsel, meaningful representation deemed to have been furnished).
Here, defendant has been promised the minimum sentence possible by the Court pursuant to the plea agreement. Defendant faces a sentence maximum of 15 (fifteen) years and has been promised a favorable sentence of 7 (seven) years and has not demonstrated any prejudice.
Accordingly, defendant's motion is denied in its entirety.
Kew Gardens, New York
Dated: August 30, 2004
SEYMOUR ROTKER
JUSTICE SUPREME COURT
Footnotes

Footnote 1:A review of the Court file indicates that defendant's present attorney is the sixth attorney that has represented him in this case.

Footnote 2:Defendant's sentence has not yet taken place and is currently scheduled for September 15, 2004. Defendant also claims that he has not received his "sentencing" minutes to demonstrate his claim of ineffective assistance of counsel. 

Footnote 3:The waiver, reviewed and signed by defendant in court states: "The undersigned defendant in consideration of and as part of the plea agreement being entered into, hereby waives any and all rights to appeal from the judgement [sic] of conviction herein including but not limited to any and all 4th, 5th, 6th amendment rights; any pre-trial motions, hearings, or issues; [and] any issues regarding plea and sentence." A copy of the original waiver is part of the Court file.

Footnote 4:Defendant also claims that one of his previously assigned attorneys did not provide information to him that he possessed a 911 tape.
Another of defendant's previously assigned attorneys was allegedly excused due to a conflict of interest. Defendant now claims that despite that fact that he "didn't care much for him" and that he was negligent in representing defendant at pre-trial hearings, he did not intend to "dismiss" the attorney. It is represented by the People in their response that this attorney was excused by the Court because of defendant's antagonistic attitude toward counsel. At that time the Court admonished defendant that he risked losing the right to have counsel assigned because he had already had a number of attorneys in only a one-year period.

Footnote 5:Defendant also appears to be making some type of allegation that he knows the true perpetrator of his crimes. He provides no information related to this claim. If defendant were making a claim that there was newly discovered evidence, his argument would fail. Pursuant to CPL 440.10(1)(g) a defendant may move to vacate a judgment upon the ground that new evidence has been discovered "which could not have been produced by the defendant at the trial even with due diligence on his part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable . . ." The motion itself must also be made with due diligence after the discovery of the claimed new evidence. See CPL 440.10(1)(g).
Defendant's claim of newly discovered evidence, if this is even what defendant is claiming, is wholly unsubstantiated. Defendant has made no showing that there exists any "new evidence" relevant to the indictment that was not available to him or counsel prior to his plea.
To be considered "newly discovered evidence" such claimed evidence must meet the following requirements: "'(1) It must be such as will probably change the result if a new trial is granted; (2) it must have been discovered since the trial; (3) it must be such as could have not been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be cumulative to the former issue; and, (6) it must not be merely impeaching or contradicting the former evidence.'" See People v. Richards, 266 A.D.2d 714, 698 N.Y.S.2d 785 (3rd Dept. 1999), quoting People v. Salemi, 309 N.Y. 208, 215-16 (1955), cert. denied 350 U.S. 950 (1956), quoting People v. Priori, 164 N.Y. 459, 472; see also People v. Gurley, 197 A.D.2d 534, 602 N.Y.S.2d 184 (2d Dept. 1993). Applying these standards to the present case, defendant has failed to meet these criteria.

Footnote 6:Defendant has failed to conform to the statute concerning his claim of ineffective assistance of counsel. Defendant bases his assertions only upon his own allegations without anything further. Nevertheless, the Court has considered the merits of defendant's application.

Footnote 7:Effective assistance of counsel during trial is not being asserted under this claim by defendant, thus, this Court's decision addresses the effective assistance of counsel during the plea negotiation stage of the proceeding, as well as, during the pendency of counsel's representation of defendant.

Footnote 8:The court also held that although defense counsel did not actively participate in the defendant's application to withdraw his plea, this did not constitute ineffective assistance of counsel. The court reasoned that the defendant had an adequate opportunity to assert his position and that the defendant suffered no prejudice because of his attorney's lack of participation. Similarly here, although defendant's counsel has not participated in this motion, the record of the plea reveals that the defendant engaged in extensive colloquy with the Court and clearly asserted his position that he was unhappy with his attorney and that he was claiming that he failed to get various investigative reports. These are the same issues defendant raises now and are insufficient to demonstrate ineffective assistance of counsel. Furthermore, it is clear that prior to engaging in and asking the Court to accept his plea he was aware of this information and can not demonstrate prejudice. See also People v. Waters, 252 A.D.2d 564, 675 N.Y.S.2d 893 (2d Dept. 1998)(refusal by court to assign new counsel to represent defendant on motion to withdraw plea proper).