■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONNIE LEUNG, Appellant. [791 NYS2d 519]—

Judgment, Supreme Court, New York County (Charles J. Tejada, J.), entered May 7, 2003, convicting defendant, upon her plea of guilty, of two counts of murder in the second degree, and sentencing her to consecutive terms of 15 years to life, unanimously affirmed.

The court properly denied defendant's suppression motion. Defendant's confession was not the product of an unlawful detention. The record supports the hearing court's finding that defendant voluntarily accompanied detectives to the police station and that she was not in custody at the time she made the confession (*see People v Morales*, 42 NY2d 129, 137-138 [1977], *cert denied* 434 US 1018 [1978]). The detectives who confronted defendant did not make any remarks that, viewed in their proper context, constituted an unlawful seizure. Given the totality of the circumstances, a reasonable innocent person in defendant's position would not have thought she had been seized by the police (*see People v Centano*, 76 NY2d 837 [1990];

*People v Yukl*, 25 NY2d 585, 590-592 [1969], *cert denied* 400 US 851 [1970]). We note in particular that there was evidence of defendant's understanding that she was not being arrested and that she would be returning to her hotel room after speaking with the detectives.

The court properly denied defendant's plea withdrawal motion. The plea minutes establish the voluntariness of the plea, and there is nothing in the record, including the presentence report, that casts any doubt on defendant's mental competence (*see People v Alexander*, 97 NY2d 482 [2002]). Similarly, the court was under no obligation to order a CPL article 730 examination sua sponte (*see People v Tortorici*, 92 NY2d 757 [1999], *cert denied* 528 US 834 [1999]). Concur—Buckley, P.J., Saxe, Friedman, Williams and Sweeny, JJ.