■ The People of the State of New York, Respondent, v Luis Morales, Appellant. [875 NYS2d 473]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered June 5, 2006, convicting defendant, upon his plea of guilty, of criminal sexual act in the first degree and burglary in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 25 years to life and 16 years to life, respectively, unanimously affirmed.

The court properly denied defendant's motion to withdraw his guilty plea (see People v Alexander, 97 NY2d 482 [2002]; People v Frederick, 45 NY2d 520 [1978]). The record establishes that the plea was entered knowingly, intelligently and voluntarily (see People v Harris, 61 NY2d 9, 19 [1983]). At a proceeding the day before the plea, it was made clear to defendant that he was a persistent violent felony offender who could not receive anything less than a life sentence. During the colloquies leading up to the plea, it was made equally clear to defendant that the offer was an aggregate term of 25 years to life to cover all the charges. Defendant, who was exposed to a much greater aggregate term if convicted of multiple charges after trial, accepted this offer. It was only after defendant agreed to accept this sentence that the court misspoke in referring to a 25-year determinate sentence. Neither this misstatement, nor the court's failure to specify the minimum term of the concurrent sentence defendant would receive on the burglary conviction, could have influenced defendant's decision to plead guilty. Concur—Saxe, J.P., Friedman, Sweeny, Renwick and Freedman, JJ.