■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON GRIFFITH, Appellant. [25 NYS3d 208]—

Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered October 4, 2013, convicting defendant, upon his plea of guilty, of burglary in the third degree and petit larceny, and sentencing him, as a second felony offender, to an aggregate term of 3 to 6 years, unanimously affirmed.

Defendant knowingly, intelligently and voluntarily pleaded guilty, and the court properly exercised its discretion in denying his motion to withdraw his plea (*see People v Alexander*, 97 NY2d 482, 486 [2002]). The court accorded defendant a suitable opportunity to be heard on the plea withdrawal motion. There is no indication that defendant's mental illness impaired the voluntariness of his plea. At the time of the plea, the court

was in possession of reports on defendant's mental health issues, and it carefully ascertained that medication would not affect defendant's ability to understand the proceedings. Defendant was clearly aware of the consequences of the plea, including the risk that, if he failed to comply with the plea conditions, he would forfeit the opportunity to have his conviction replaced with a misdemeanor.

Defendant made a valid waiver of his right to appeal (*see People v Lopez*, 6 NY3d 248 [2006]). The court did not conflate the right to appeal with the rights automatically forfeited by pleading guilty, but separately explained to defendant that, as part of his plea bargain, he was agreeing to waive his right to appeal, specifically including the right to make an excessive sentence claim, and defendant acknowledged that he understood this. Defendant also signed a written waiver.

The valid waiver forecloses review of defendant's excessive sentence claim. As an alternative holding, we find no basis for reducing the sentence. Concur—Tom, J.P., Andrias, Moskowitz and Richter, JJ.