People v Ambroise (2018 NY Slip Op 03642)





People v Ambroise


2018 NY Slip Op 03642


Decided on May 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2018

Sweeny, J.P., Webber, Gesmer, Singh, Moulton, JJ.


6625 6455/09

[*1]The People of the State of New York, Respondent,
v
Nathalie Ambroise, Defendant-Appellant.


Rosemary Herbert, Office of the Appellate Defender, New York (Stephen R. Strother of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.



Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered January 6, 2011, convicting defendant, upon her plea of guilty, of grand larceny in the fourth degree, and sentencing her, as a second felony offender, to a term of 1½ to 3 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the second felony offender adjudication and remanding for further sentencing proceedings, and otherwise affirmed.
Defendant's challenge to the voluntariness of her plea is unpreserved (see People v Conceicao, 26 NY3d 375 [2015]), and we decline to review it in the interest of justice. As an alternative holding, we find that the record, viewed as a whole, establishes the voluntariness of the plea. When defendant replied affirmatively to a question about being "under the influence of alcohol, drugs or medication," the court asked, "Are you alert and aware of where you are and what you are doing?" Defendant again responded affirmatively. Although it would have been the better practice to have inquired into what substance defendant had taken, and when she had last taken it, the court's followup question was sufficient under the circumstances. The plea colloquy cast no doubt on defendant's competency, and the court was able to view her demeanor and assess her capacity to plead guilty (see People v Alexander, 97 NY2d 482, 486 [2002]).
Because it is undisputed that defendant was improperly sentenced as a second felony offender based on a Florida conviction, we exercise our interest of justice jurisdiction accordingly. On remand, the People may submit additional materials bearing on defendant's predicate status, or allege a different prior felony conviction, if there is one, as the basis for a predicate felony adjudication.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 22, 2018
CLERK