People v Sanford (2023 NY Slip Op 04037)

People v Sanford

2023 NY Slip Op 04037

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., BANNISTER, MONTOUR, AND GREENWOOD, JJ.

470 KA 22-00354

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSHUA M. SANFORD, DEFENDANT-APPELLANT. 

ROSEMARIE RICHARDS, GILBERTSVILLE, FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Steuben County Court (Philip J. Roche, J.), rendered October 1, 2021. The judgment convicted defendant upon a plea of guilty of criminal contempt in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law, the plea is vacated, and the matter is remitted to Steuben County Court for further proceedings on the superior court information.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal contempt in the first degree (Penal Law
§ 215.51 [b] [v]), defendant contends that County Court erred in accepting his Alford plea (see North Carolina v Alford, 400 US 25 [1970]) because the record lacks the requisite strong evidence of his actual guilt (see generally Matter of Silmon v Travis, 95 NY2d 470, 475 [2000]). By failing to move to withdraw the plea or vacate the judgment of conviction on that ground, defendant failed to preserve his contention for our review, and this case does not fall within the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Crittleton, 202 AD3d 1488, 1488 [4th Dept 2022], lv denied 39 NY3d 939 [2022]; People v Johnson, 167 AD3d 1512, 1514 [4th Dept 2018], lv denied 33 NY3d 949 [2019]). We nevertheless exercise our power to review defendant's unpreserved contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
During the plea allocution, defendant maintained that there was insufficient evidence that he struck the victim, i.e., the evidence relating to the physical contact element of criminal contempt in the first degree under Penal Law § 215.51 (b) (v). The court's further inquiry, however, failed to ascertain the strength of the evidence as to that element of the crime. Because the record on appeal does not contain the requisite strong evidence of defendant's guilt of criminal contempt in the first degree, we conclude that the court erred in accepting the plea (see Alford, 400 US at 37; People v Alexander, 97 NY2d 482, 486 n 3 [2002]). We therefore reverse the judgment of conviction, vacate the plea, and remit the matter to County Court for further proceedings on the superior court information.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court